IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

TANAY K. JACKSON,

    Plaintiff,

v.                                                No. 1:22-cv-00607-KG-SCY

SAM MOGHINI and
MARYLAND EUBANK APARTMENTS,

    Defendants.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

This matter arises from *pro se* Plaintiff's rental of an apartment at Defendant Maryland Eubanks Apartments. *See* Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, Doc. 1, filed August 15, 2022 ("Complaint"). Defendant Moghini "represents ownership." Complaint at 1. Plaintiff alleges that Defendants "fail[ed] to correct rental agreement/fail[ed] to relocate to adequate unit/fail[ed] to return payment issued by DFA on my behalf in the amount of 2,400." Complaint at 2.

United States Magistrate Judge Steven C. Yarbrough notified Plaintiff:

> The Complaint fails to state a claim upon which relief can be granted pursuant to 42 U.S.C. § 1983. "The two elements of a Section 1983 claim are (1) deprivation of a federally protected right by (2) an actor acting under color of state law." *Schaffer v. Salt Lake City Corp.*, 814 F.3d 1151, 1155-56 (10th Cir. 2016) (stating "Section 1983 was enacted to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails"); *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007) ("[T]o state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated."). The allegations indicate Defendants are private individuals. There are no factual allegations showing that Defendants are state actors or that Defendants deprived Plaintiff of a right secured by federal law.

Doc. 5 at 2-3, filed August 16, 2022. Judge Yarbrough ordered Plaintiff to file an amended complaint.

Plaintiff filed her Amended Complaint pursuant to 28 U.S.C. § 1343(3), which provides jurisdiction over actions to redress the deprivation, under color of state law, of rights secured by federal law, and 42 U.S.C. § 1983, which provides a civil remedy for the deprivation, under the color of state law, of rights secured by federal law. Plaintiff alleges that Defendants breached the rental agreement and locked Plaintiff out of her apartment. *See* Amended Complaint at 2, 6.

The Amended Complaint fails to state a claim pursuant to Section 1343(3) and Section 1983 which require a deprivation of a federally protected right by an actor acting under color of state law. *See Schaffer v. Salt Lake City Corp.*, 814 F.3d 1151, 1155-56 (10th Cir. 2016). While the Amended Complaint contains conclusory allegations that Defendants deprived Plaintiff of federally protected rights, there are no factual allegations supporting those conclusory allegations. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based"). Plaintiff states Defendants were acting under color of state law and cites several provisions of New Mexico's Uniform Owner-Resident Relations Act, N.M.S.A. §§ 47-8-1 *et seq.*, which governs the rental of dwelling units and the rights and obligations of owners and residents. *See* Amended Complaint at 3. Defendants' compliance with or violation of state laws does not mean they were acting under color of state law.

> A person acts "under color of state law" when "exercising power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law," but there must also be "'a real nexus' between the employee's use or misuse of their authority as a public employee, and the violation allegedly committed by the defendant."

*Black v. Wafai*, 2022 WL 1789040 *2 n.1 (10th Cir. 2022) (quoting *Schaffer v. Salt Lake City Corp.*, 814 F.3d 1151, 1156 (10th Cir. 2016)).

The Court dismisses Plaintiff's Section 1983 claim for failure to state a claim because the Amended Complaint does not allege that Defendants were state actors and deprived Plaintiff of rights secured by federal law. Having dismissed Plaintiff's federal law claims, the Court declines to exercise jurisdiction over Plaintiff's state-law claims. *See* 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim ... if ... the district court has dismissed all claims over which it has original jurisdiction").

**IT IS ORDERED** that this case is **DISMISSED without prejudice.**

_____
**UNITED STATES DISTRICT JUDGE**